UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

UNITED STATES OF AMERICA,

                Plaintiff,                          **MEMORANDUM AND ORDER**

       v.                                       90-CR-1019 (RPK)

TUNG TRAN,

                Defendant.
-----------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

    Defendant Tung Tran, convicted of seventeen felonies including murder, kidnapping, and extortion, moves for compassionate release. *See* Mot. for Relief Under the First Step Act and Compassionate Release (Dkt. #562) ("Def.'s Mot."); Am. Judgment. (Dkt. #254); Presentence Investigation Report 1B ("PSR"). In support of his motion, Mr. Tran cites his age at the time of these offenses, his remorse and rehabilitation, and unspecified medical conditions. Def.'s Mot. 2. For the reasons explained below, the motion is denied.

## BACKGROUND

    On April 15, 1992, a jury found Mr. Tran guilty of seventeen felonies, including murder, kidnapping, extortion, racketeering, interference with commerce by threats or violence, and conspiracy to commit murder, kidnapping, extortion, racketeering, and interference with commerce by threats or violence. *See* Jury Verdict (Dkt. #16); PSR 1B.

    Born in 1970, Mr. Tran immigrated to the United States with his mother as a teenager. PSR ¶¶ 191-92. Mr. Tran became active in the Queens-based Green Dragon gang, which preyed on Asian-owned businesses in Flushing and Elmhurst. *Id*. ¶¶ 24, 48-49.

1

Over the next two years, Mr. Tran executed the owner of a local restaurant, *id.* ¶ 32, abducted and murdered a witness and her boyfriend, *id.* ¶¶ 37-40; *United States v. Wong*, 40 F.3d 1347, 1374 (2d Cir. 1994), and participated in the murder of a rival gang member, PSR ¶ 43. Mr. Tran also extorted numerous businesses, *id.* ¶¶ 48-57, and planned an assault on a rival gang, *id.* ¶¶ 58-59. On January 23, 1990, Mr. Tran raped a woman at knifepoint during the robbery of a mahjong game. *Id.* ¶ 45; *Wong*, 40 F.3d at 1361. Mr. Tran was on probation when he committed these crimes. PSR ¶¶ 182-88.

The FBI and NYPD arrested Mr. Tran and several other gang members in November 1990. *Id.* ¶ 58. At trial, Mr. Tran mocked his rape victim during her testimony, taunted the families of the murder victims, and threatened a witness. Sentencing Hearing Tr. 46:18-47:8; 48:16-18; 50:2-5 ("Tr."). Mr. Tran was convicted and sentenced to life in prison, as called for under the Sentencing Guidelines. Am. Judgment; Tr. 50:17-19.

Since his incarceration, Mr. Tran has incurred at least thirty infractions in prison, for misconduct ranging from drug use to possession of a dangerous weapon. Resp. in Opp'n, Ex. B 18-27 (Dkt. #566). The most recent of these occurred in September 2020. *Id.* at 18. While Mr. Tran claims that he has a "remarkable record of rehabilitation," Def.'s Mot. 5, the record contains no details or evidence corroborating this assertion.

Since the conviction, Mr. Tran has filed four applications for habeas relief, each of which has been denied. *See* Mandate of U.S. Court of Appeals (Dkt. #502); *Tran v. United States*, No. 97-CV-2709 (RXR) (E.D.N.Y.) (Dkt. ##7, 16, 18).

In January 2022, one of his co-defendants, Brian Chan, successfully obtained a reduction of his multiple life sentences to a sentence of 33 years of imprisonment under the First Step Act,

2

18 U.S.C. § 3582(c)(1)(A)(i).  *See* Mem. & Order 24, *United States v. Chan*, No. 90-CR-1019-4 (RJD) (E.D.N.Y. Jan. 6, 2022) (Dkt. #553).

In May 2022, Mr. Tran moved then-presiding Judge Irizarry for a reduction of his sentence. Def.'s Mot.  The case was then reassigned to me.  *See* June 1, 2022 Order.

## STANDARD OF REVIEW

Under 18 U.S.C. § 3582(c)(1)(A), a defendant may "move for a reduction in sentence, up to and including release from prison, in federal district court after satisfying a statutory exhaustion requirement."  *United States v. Jones*, 17 F.4th 371, 373-74 (2d Cir. 2021).  A district court's analysis of such a motion has two steps.  First, before reducing a term of imprisonment, "a district court must 'find[] that . . . extraordinary and compelling reasons warrant such a reduction.'"  *Id.* at 374 (brackets and alteration in original) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).  Such reasons "are necessary—but not sufficient—for a defendant to obtain relief under § 3582(c)(1)(A)."  *Ibid.*

Second, if such reasons exist, the court must consider "'the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable' before it can reduce the defendant's sentence." *Ibid.* (quoting 18 U.S.C. § 3582(c)(1)(A)).  Even if extraordinary and compelling circumstances exist, "a district court's 'reasonable evaluation of the Section 3553(a) factors' is 'an alternative and independent basis for denial of compassionate release.'"  *Ibid.* (quoting *United States v. Robinson*, 848 F. App'x 477, 478 (2d Cir. 2021)).

As the moving party, the defendant bears the burden of showing that the circumstances merit relief.  *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992); *see, e.g.*, *United States v. Resnick*, 451 F. Supp. 3d 262, 266 (S.D.N.Y. 2020).

3

## DISCUSSION

Mr. Tran's motion is denied. Mr. Tran has not shown "extraordinary and compelling reasons" for a sentence reduction, 18 U.S.C. § 3582(c)(1)(A)(i), and in any event, the Section 3553(a) factors counsel against any such reduction.

**I.      Mr. Tran Has Not Shown Extraordinary and Compelling Reasons Warrant Relief**

Mr. Tran has not met the threshold requirement for a sentencing reduction under Section 3582(c)(1)(A). That provision gives district courts "broad" discretion to consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release" in deciding whether to reduce a sentence. *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). But it makes clear that a district court is justified in reducing an existing sentence only if a defendant presents reasons for doing so that are "extraordinary and compelling." Mr. Tran has not done so.

Mr. Tran relies primarily on his young age when he committed the murders, kidnapping, rape, and other crimes that underlie his convictions. Def.'s Mem. 2. He committed those crimes between nineteen and twenty-one years of age. *See* PSR 1A; *id*. ¶¶ 30-59. But relative youth is not—standing alone—an "extraordinary and compelling" reason for a sentence reduction. "[Y]outh matters in sentencing," *Jones v. Mississippi*, 141 S. Ct. 1307, 1314 (2021), because youth is a transient period "of immaturity, irresponsibility, impetuousness, and recklessness . . . when a person may be most susceptible to influence and to psychological damage." *Miller v. Alabama*, 567 U.S. 460, 476 (2012) (citation, quotation marks, and brackets omitted). Even so, a sentencing court may appropriately impose a sentence of life imprisonment for a homicide committed by even a juvenile offender—which Mr. Tran was not. *See id.* at 473. As a result, the mere fact that a defendant committed his crimes as a young adult is not an "extraordinary and compelling reason[]" to reduce his sentence. 18 U.S.C. § 3582(c)(1)(A).

4

Consistent with that principle, decisions in this circuit have consistently relied on a constellation of factors in combination with youth—typically including "demonstrated rehabilitation"—in finding that extraordinary and compelling reasons supported a sentence reduction. *United States v. Ramsay*, 538 F. Supp. 3d 407, 426 (S.D.N.Y. 2021); *see, e.g.*, Mem. & Order 19-22, *Chan*, No. 90-CR-1019-4 (RJD); *United States v. Millan*, No. 91-CR-685 (LAP), 2020 WL 1674058, at *8 (S.D.N.Y. Apr. 6, 2020); *United States v. DeJesus*, No. 06-CR-12 (ER), 2022 WL 1154251, at *6 (S.D.N.Y. Apr. 19, 2022). Where a defendant "cites no analogous rehabilitative efforts or other evidence of his changed circumstances, except for . . . uncorroborated assertion[s]," such motions have been denied. *See, e.g.*, *United States v. Alvarez*, No. 89-CR-229 (JS), 2020 WL 4904586, at *7 (E.D.N.Y. Aug. 20, 2020).

Mr. Tran's application falls short. Although Mr. Tran was young when he committed his crimes, he points to no evidence of rehabilitation in the years since, beyond his own conclusory assertions. *See* Def.'s Mot. 5; *cf. United States v. Ramirez*, No. 98-CR-438 (PGG) (SDA), 2021 WL 4150891, at *7 (S.D.N.Y. Sept. 13, 2021) (finding that even "some evidence of rehabilitation and acceptance of responsibility," including a letter "appear[ing] to express genuine remorse," are "not so extraordinary as to warrant relief"). For instance, Mr. Tran has not submitted evidence that he has completed rehabilitative programs, obtained his GED or other degrees, exhibited model behavior as a prisoner, or contributed meaningfully to the lives of fellow inmates or others. *See* Def.'s Mot. Absent from his application are the letters of support, certificates of course completion, or other evidence of rehabilitation that often accompany such motions. *See ibid.*; *cf.*, *United States v. Peterkin*, No. 05-CR-538 (JSR), 2021 WL 1948513, at *2 (S.D.N.Y. May 13, 2021) (considering and ultimately rejecting a motion for compassionate release supported by sixty certificates, letters of support, work as a pastor, and running a small business).

5

Indeed, the only evidence in the record concerning Mr. Tran's activities over the past thirty years are his thirty disciplinary infractions. These suggest strongly that Mr. Tran has not, in fact, rehabilitated himself. *See United States v. Rivera*, No. 89-CR-346 (LAP), 2021 WL 5235093, at *4 (S.D.N.Y. Nov. 9, 2021) ("[C]onsideration of [defendant's] disciplinary record" prevented defendant from "mak[ing even] a marginal showing of extraordinary and compelling circumstances."); *United States v. Lewis*, No. 10-CR-392 (CS), 2021 WL 1873154, at *2 (S.D.N.Y. May 10, 2021) ("Defendant's disciplinary record—including a recent, serious infraction—suggests that he is not ready to be a law-abiding member of society."); *cf. United States v. Jackson*, No. 12-CR-111-22 (CS), 2020 WL 6547581, at *2 (S.D.N.Y. Nov. 5, 2020) (violation of supervised release undercuts claims of rehabilitation).

Nor has Mr. Tran shown extraordinary and compelling reasons for a sentence reduction based on other factors. While Mr. Tran points to the COVID-19 pandemic, Mr. Tran is vaccinated, Resp. in Opp'n 8, and "[c]ourts have consistently denied compassionate release when the defendant is fully vaccinated, even when other health conditions are present," *United States v. Farmer*, No. 19-CR-427 (LTS), 2022 WL 47517, at *3 (S.D.N.Y. Jan. 5, 2022). Moreover, although Mr. Tran asserts that he "struggle[s] with aging medical problems," he does not identify them. Def.'s Mot. 15. Without any evidence about those conditions, I cannot find that they provide an extraordinary and compelling reason for a sentence reduction. *Cf. United States v. Hull*, No. 17-CR-132 (SRU), 2020 WL 2475639, at *3 (D. Conn. May 13, 2020) (denying compassionate release for defendant with medical condition that did not place him at heightened risk); *United States v. Zehner*, No. 19-CR-485 (AT), 2020 WL 1892188, at *2 (S.D.N.Y. Apr. 15, 2020) (same).

Mr. Tran fares no better in raising legal challenges to his sentence under Section 3582(c)(1)(A). Mr. Tran argues that his sentence is unconstitutional under *Miller,* which held that

6

"mandatory life without parole for those under the age of 18 at the time of their crimes" violates the Eighth Amendment, 567 U.S. at 465; *see* Def.'s Mot. 2, 8.  But "claims regarding the validity of [defendant's] conviction and sentence . . . [are] not a proper basis for a § 3582(c)(1)(A) motion." *United States v. Jacques*, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. 2022); *see, e.g.*, *United States v. Gunn*, No. 06-CR-911 (AKH), 2022 WL 2077971, at *4 (S.D.N.Y. June 9, 2022) (citing *United States v. Lisi*, 440 F. Supp. 3d 246, 251 (S.D.N.Y. 2020)); *United States v. Casiano*, No. 05-CR-195 (JBA), 2021 WL 1589271, at *3 (D. Conn. Apr. 22, 2021) (collecting cases).  In any event, *Miller* does not apply, because Mr. Tran was over eighteen when he committed his crimes.  "Since the Supreme Court has chosen to draw the constitutional line at the age of 18 for mandatory minimum life sentences," Mr. Tran's "age-based Eighth Amendment challenges to [his] sentence[] must fail."  *United States v. Sierra*, 933 F.3d 95, 97 (2d Cir. 2019).

Next, Mr. Tran suggests that the sentencing Court improperly considered uncharged conduct when sentencing him.  *See* Def.'s Mem. 16-17.  Again, a motion for compassionate relief is not the proper vehicle for this sort of legal challenge.  *Jacques*, 2022 WL 894695, at *2.  Even if it were, though, this argument would fail because at sentencing, "a district judge may consider hearsay statements, evidence of uncharged crimes, dropped counts of an indictment and [even] criminal activity resulting in an acquittal."  *United States v. Romano*, 825 F.2d 725, 728 (2d Cir. 1987).  Accordingly, Mr. Tran's sentence could properly take into account his uncharged conduct.

Finally, Mr. Tran has not shown extraordinary and compelling circumstances based on changes to the law.  Mr. Tran claims that the crimes for which he was sentenced in 1990 now carry thirty-year maximums.  *See* Def.'s Mot. 17.  But in fact, Mr. Tran was sentenced under statutes that still authorize life sentences.  *See* 18 U.S.C. § 1959(a)(1) (permitting life imprisonment for

7

kidnapping and murder in aid of racketeering); *id.* § 1963(a) (permitting life imprisonment for racketeering where the predicate permits life imprisonment); Am. Judgment (Dkt. #254).

Mr. Tran is correct in observing that he was sentenced before *United States v. Booker*, 543 U.S. 220 (2005), made the federal Sentencing Guidelines advisory, but this fact, standing alone, does not justify the relief he seeks. *Booker*, of course, was not retroactive, and so Mr. Tran is not entitled to be resentenced based on *Booker* itself. *See Guzman v. United States,* 404 F.3d 139, 144 (2d Cir. 2005). And I cannot conclude that the fact that a defendant was sentenced under the mandatory Guidelines is by itself an extraordinary and compelling reason to reduce his sentence now. After all, the Guidelines remain an important sentencing guidepost, and many sentences continue to fall within the Guidelines. Thus, the fact that a defendant received a Guidelines sentence under the mandatory regime does not by itself suggest that a reduction is warranted—let alone constitute an "extraordinary and compelling reason[]" for such relief. 18 U.S.C. § 3582(c)(1)(A). And as explained above, Mr. Tran has not put forward persuasive evidence of rehabilitation, medical need, or other circumstances that could form an extraordinary and compelling basis for a sentencing reduction when viewed in conjunction with the mandatory nature of the Guidelines at the time of sentencing. *See, e.g., United States v. Vargas*, 502 F. Supp. 3d 820, 825-26 (S.D.N.Y. 2020).

In short, Mr. Tran has not shown extraordinary and compelling reasons for reducing his sentence.

## II.    Consideration of the Section 3553(a) Factors Counsels Against a Sentence Reduction

Even if extraordinary and compelling reasons were present, a sentence reduction for Mr. Tran would be unwarranted based on the Section 3553(a) factors.

To begin, the nature and circumstances of Mr. Tran's offenses are "particularly serious." *United States v. Nelson*, 68 F.3d 583, 590 (2d Cir. 1995). Mr. Tran engaged in not only gang-

related killings, but also in the execution of a witness and her boyfriend. *Id*. at 589; PSR ¶¶ 32, 37-40. The egregious nature of Mr. Tran's crimes counsels heavily against any sentencing reduction. *Cf. United States v. Fritts*, 507 F. Supp. 3d 440, 443 (W.D.N.Y. 2020) (denying release due to "the particularly appalling circumstances surrounding" the defendant's RICO conviction); *United States v. Blair*, No. 10-CR-6962-2 (JS) (ARL), 2020 WL 5709181, at *5 (E.D.N.Y. Sept. 24, 2020) (denying release because the nature and circumstances of the defendant's offense were serious).

Moreover, taken together, Mr. Tran's personal history and characteristics do not support a sentencing reduction. To be sure, Mr. Tran was young when he committed these crimes. But Mr. Tran played a principal role in many of the gang's most heinous acts. For instance, it was Mr. Tran who "instructed other members of the Green Dragons to murder Tina Sham," *Wong*, 40 F.3d at 1374, and he was among the very few who raped or sexually assaulted a victim, PSR ¶ 45. In addition, Mr. Tran evinced a particular lack of remorse at trial, and his ongoing disciplinary history in prison indicates that he is not yet ready to rejoin society. Tr. 50:2-19; Resp. in Opp'n, Ex. B. While life sentences for young offenders are relatively uncommon, Mr. Tran's crimes are uncommonly serious. *Cf. United States v. Garcia*, 666 F. App'x 74, 78 (2d Cir. 2016) (affirming life sentence for gang member who, at 17 years old, murdered a woman and her two-year-old son).

Mr. Tran's sentence is also appropriate to protect the public, promote respect for the law, and provide deterrence. Mr. Tran's conduct before his arrest and during his trial evinced unusual contempt for the law. Mr. Tran committed these crimes while on probation, PSR ¶¶ 182-86, and even in the courtroom, he mocked his victim and taunted and threatened witnesses, Tr. 46:18-47:5, 48:16-49:2. And in prison, he continues to violate rules and incur disciplinary infractions. Resp. in Opp'n, Ex. B. Mr. Tran's disregard for the law, his continuing misconduct, and his apparent

lack of remorse at trial and afterward all indicate that a reduction in sentence would neither protect the public, deter like behavior, or promote respect for the law. Nor, in light of Mr. Tran's serious crimes, would a reduced sentence provide just punishment.

Finally, comparison of Mr. Tran's sentence with those of his codefendants does not counsel in favor of a reduction. While one codefendant, Brian Chan, has recently had his sentence reduced to thirty-three years, the circumstances of Mr. Chan's youth, crimes, and subsequent behavior are markedly different. *See* Mem. & Order 23, *Chan*, No. 90-CR-1019-4 (RJD). Unlike Mr. Tran, Mr. Chan was abandoned by his parents by the age of sixteen and recruited into the Green Dragons while still a minor. *Id.* at 5-7. Mr. Chan's criminal conduct—while extremely serious—did not include rape. *Id.* at 6-9. Moreover, Mr. Chan submitted a detailed letter explaining and expressing remorse for his crimes. And in prison he actively mentored and supported many other prisoners. *Id*. at 13-17. Mr. Tran has submitted no such letter, and there is no evidence that he has undergone any equivalent rehabilitation. To the contrary, Mr. Tran has incurred at least thirty infractions while incarcerated. Resp. in Opp'n, Ex. B 18-27. Given these disparities, Mr. Tran has not demonstrated that a similar sentence reduction is warranted.

## CONCLUSION

Defendant's motion for compassionate release is denied.

SO ORDERED.

> */s/ Rachel Kovner*
> RACHEL P. KOVNER
> United States District Judge

Dated: October 12, 2022
       Brooklyn, New York